IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

RONALD THRASHER,

    Defendant.

_____

CR 98-388-RE
CV 03-204-RE

OPINION AND ORDER

Mike Mosman
United States Attorney
Gary Y. Sussman
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204

    Attorney for Plaintiff

Per C. Olson
Hoevet, Snyder & Boise, P.C.
1000 S.W. Broadway, Suite 1500
Portland, Oregon 97205

    Attorney for Defendant

REDDEN, Judge:

    The matters before the court are defendant Ronald Thrasher's motion under 28 U.S.C. § 2255 (§ 2255 motion) to vacate and set aside his conviction and sentence and his motion to amend his § 2255 motion.

1 -   OPINION AND ORDER

## Background

On May 25, 1999, a jury found defendant guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  Prior to sentencing, defendant filed a motion for a new trial, which I denied.  I sentenced defendant on April 20, 2000, to 235 months' imprisonment followed by a five-year term of supervised release.  At the sentencing, I found defendant was properly classified as an armed career criminal under the Armed Career Criminal Act (ACCA) and declined to exercise my discretion to depart from the applicable guideline range.

Defendant filed a direct appeal with the Ninth Circuit Court of Appeals challenging my denial of his motion for a new trial.  The Ninth Circuit affirmed in a memorandum disposition dated July 30, 2001.  The Supreme Court denied certiorari on February 19, 2002.

On February 13, 2003, defendant filed a § 2255 motion seeking to vacate and set aside his conviction and sentence, raising several claims of ineffective assistance of trial counsel.  In an opinion dated June 13, 2003, I denied defendant's motion without an evidentiary hearing.

On appeal, the Ninth Circuit affirmed in part, vacated in part, and remanded for an evidentiary hearing on one of defendant's ineffective assistance of counsel claims.  The narrow question on remand was "whether [Renee] Scarlett told [John] Storkel [defendant's trial counsel] that she was going to testify unfavorably to Thrasher."  Mem. Disp. at 2 (9th Cir., Nov. 29, 2004).  The Ninth Circuit noted:

> Storkel says Scarlett did state she would [testify unfavorably to Thrasher] and that he specifically told Thrasher what Scarlett had said.  Thrasher does not specifically deny being told this, but he does assert that Scarlett told him that when she arrived at the courthouse, Storkel "simply told her to leave," and that Scarlett did not tell [Storkel] that she would have provided harmful testimony about Thrasher.

Id.  The Ninth Circuit noted whether it was reasonable for Storkel not to call Scarlett was central to the § 2255 motion because Scarlett potentially could have bolstered Thrasher's

explanation for the firearm in his briefcase, and Storkel had told the jury in opening argument that she would testify. Id.

I held the evidentiary hearing on March 17, 2004. Thereafter, the government submitted a supplemental letter brief and defendant submitted both a motion to amend his § 2255 motion, which the government opposes, and a post-evidentiary hearing memorandum of law.

### Motion to Amend § 2255 Motion

Under Fed. R. Civ. P. 15(a), leave of court is required to amend once a responsive pleading has been filed. Leave should be freely given when justice requires, although the court may consider any evidence of undue delay, bad faith, or dilatory motive when determining if leave should be granted. Anthony v. Cambra, 236 F.3d 568, 577 (9th Cir. 2000), *cert. denied*, 533 U.S. 941 (2001).

While defendant's appeal to the Ninth Circuit was pending, the Supreme Court decided Apprendi v. New Jersey, 530 U.S. 466 (2000)" Thereafter, the Supreme Court decided Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531 (2004), on June 24, 2004, and United States v. Booker, ___ U.S. ___, 125 S.Ct. 738 (2005), on January 12, 2005. All three cases dealt with the same general constitutional principle, but evaluated that principle in different contexts. Apprendi held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. Blakely applied the Apprendi case to the Washington state sentencing guidelines: "Our precedents make clear . . . that the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of facts reflected in the jury verdict or admitted by the defendant.*" Blakely, 124 S.Ct. at 2537 (emphasis in original). The Court went on to say that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 124 S.Ct. at 2536

(internal quotation marks and citation omitted). Booker then extended the Blakely rule to the federal sentencing guidelines.

In his February 2003 § 2255 motion, defendant raised issues of ineffective assistance of trial counsel, but did not raise a Sixth Amendment challenge to his sentence under Apprendi, which had been decided on June 26, 2000. Defendant also did not seek to amend his § 2255 motion after Blakely was decided. His motion to amend was not filed until after I held the evidentiary hearing on the remand of his original § 2255 motion. Defendant argues his motion to amend is not untimely or procedurally barred because he attempted to bring Apprendi and Blakely issues before the appellate court. I have serious doubts about whether defendant's motion to amend was timely filed without undue delay. However, even if I were to decide the motion was timely, I find defendant is barred from bringing his additional claims.

Defendant argues that under Apprendi, Blakely, and State v. Dilts, 337 Or. 645 (2004) (applying Blakely to the Oregon state sentencing guidelines), his sentence under the ACCA was invalid because:

(1) One of his predicate offenses does not meet the definition of a state drug offense "for which a maximum term of imprisonment of ten years or more is prescribed by law," as required by the ACCA. 18 U.S.C. § 924(e)(2). The ACCA provides for enhanced penalties for a defendant convicted of a violation of section 924(g)(1) who has "three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another . . . ." 18 U.S.C. § 924(e)(1). Defendant argues that under the logic of Blakely and the holding in Dilts, the maximum sentence that he possibly could have received for one of his predicate offenses (the Class B felony of delivery of a Schedule II controlled substance) was far less than the 10-year maximum required by the ACCA.

(2) The elements of the ACCA were not alleged in the indictment and proved to a jury beyond a reasonable doubt, in violation of defendant's rights under the Fifth and Sixth Amendments to the United States Constitution.

4 -    OPINION AND ORDER

Defendant argues his new claims are not barred by any retroactivity analysis because the Blakely holding that applied Apprendi to state sentencing guidelines was first announced in Apprendi, which was decided before his conviction became final. He argues his Blakely claim is not barred because the Apprendi rule dictated the subsequent result in Blakely: "[T]he pivotal 'rule' upon which defendant relies was announced in Apprendi before defendant's conviction became final." Def. Memo., p. 5.

I conclude the result in Blakely was not compelled by Apprendi. A similar argument regarding the rule in Booker being compelled by either Apprendi or Blakely has been rejected recently by the Second Circuit. Guzman v. United States, 404 F.3d 139,142 (2d Cir. 2005). Guzman held that "the result in Booker was not dictated by Apprendi or, for that matter, the Court's later decision in Blakely v. Washington." Id. at 141. The rule was procedural, rather than substantive, and was not a "watershed rule" that was entitled to retroactive effect. Id. at 142-43. *See also* Simpson v. United States, 376 F.3d 679, 681 (7th Cir. 2004) ("The rule announced in Blakely is based in the Constitution and was not dictated or compelled by Apprendi or its progeny"); United States v. Price, 400 F.3d 844, 848 (10th Cir. 2005) ("after Apprendi but before Blakely, a court would not have felt compelled to conclude Blakely's rule was constitutionally required).

The result in Blakely was not one "apparent to all reasonable jurists" because of Apprendi. Therefore, the question is whether Blakely can be applied retroactively to defendant's case. I conclude that it cannot.

As to convictions that are already final, "new rules" apply only in limited circumstances. Schriro v. Summerlin, ___ U.S. ___, 124 S.Ct. 2519, 2522 (2004). New substantive rules generally apply retroactively. Id. New rules of procedure, on the other hand, are given retroactive effect only if they are "watershed rules of criminal procedure" implicating the fundamental fairness and accuracy of the criminal proceeding. Id. at 2523 (citing Teague v. Lane, 489 U.S. 288, 311 (1989)). That a new procedural rule is "fundamental" in some abstract sense is not enough; the rule must be one without which

the likelihood of an accurate conviction is seriously diminished. Id. This class of rules is extremely narrow. Id.

The Ninth Circuit has held that because the Supreme Court has not rendered the Blakely rule applicable retroactively on collateral attack, the courts in this circuit will not apply it as such. Cook v. United States, 386 F.3d 949, 950 (9th Cir. 2004). *See* also United States v. Sanchez-Cervantes, 282 F.3d 664, 671 (9th Cir.), *cert. denied*, 537 U.S. 939 (2002) (Apprendi "does not apply retroactively to cases on initial collateral review"); Cooper-Smith v. Palmateer, 397 F.3d 1236 (9th Cir. 2005) (relying on Sanchez-Cervantes in holding Apprendi rule cannot be applied retroactively to defendant's case). Other federal cases have indicated that the Apprendi, Blakely, and Booker rules are new rules of criminal procedure that do not apply to cases on collateral review and are not "watershed" rules. *See, e.g.*, In re Dean, 375 F.3d 1287 (11th Cir. 2004) (petitioner cannot file successive § 2255 motion relying on Blakely because "the Supreme Court has not expressly declared Blakely to be retroactive to cases on collateral review); Simpson v. United States, 376 F.3d 679, 681-82 (7th Cir. 2004) (petitioner cannot file successive collateral attack relying on Blakely because "[T]he Supreme Court has not made the Blakely rule applicable to cases on collateral review"); Guzman v. United States, 404 F.3d at 142-43 (Booker announced a new rule that was procedural, not substantive, and was not a watershed rule that was entitled to retroactive effect); United States v. Price, 400 F.3d at 849 ("Blakely did not announce a watershed rule of criminal procedure that would apply retroactively to initial § 2255 motions"); Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005) ("Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review"); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005) ("Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005"). Thus, Blakely cannot be applied retroactively to defendant's § 2255 motion.

Defendant also argues the application of the Blakely rule to his ACCA sentence results in the sentence being invalidated because Blakely has redefined what constitutes

6 -   OPINION AND ORDER

a "serious drug offense" under the ACCA. I need not address this argument because I have concluded that Blakely does not apply retroactively to defendant's § 2255 motion.

Defendant also argues he should not have been sentenced as an armed career criminal because "the indictment did not allege the necessary elements of the ACCA." The government need not allege a defendant's prior predicate convictions in an indictment. *See, e.g.*, United States v. Tighe, 266 F.3d 1187, 1191 (9th Cir. 2001) ("the Constitution does not require prior convictions that increase a statutory penalty to be charged in the indictment"). Further, Apprendi, Blakely, and Booker all expressly created exceptions to the pleading and proof requirements for sentence enhancements based on prior convictions. Apprendi, 530 U.S. at 490; Blakely, 124 S.Ct. at 2536; Booker, 125 S.Ct. at 756.

Defendant's motion to amend his § 2255 motion is denied.

## Evidentiary Hearing

As directed by the Ninth Circuit, the issue before me during the evidentiary hearing was "whether Scarlett told Storkel that she was going to testify unfavorably to Thrasher" (9th Cir. Mem. Disp. at 2).

Scarlett testified at the hearing. She described her criminal history and extensive history of drug abuse, admitting during direct examination that drug abuse had "taken its toll on my mind."

Scarlett acknowledged talking to both Storkel and Jack Yarbrough, his investigator, prior to trial. Scarlett also remembered talking to Storkel during a break in the trial, and in fact said she may have spoken to him more than once. She denied telling Storkel she would not lie for defendant and denied having any reluctance about testifying, although she stated she was not sure how her testimony would help defendant. She denied telling Storkel her testimony would be harmful to defendant, though she did not know whether it would do him any good. She testified Storkel released her as a witness because of her criminal history, and told her to leave the courthouse right away to prevent the government from issuing a subpoena for her.

7 -    OPINION AND ORDER

Scarlett testified on direct examination that she believes she looked in defendant's briefcase, but did not recall either seeing or placing a firearm inside it. She admitted she owned and frequently carried a firearm herself at the time. Then, during cross-examination, Scarlett expressly stated that she had not placed the firearm in defendant's briefcase and had never told him she had. In direct contradiction to Scarlett's testimony, defendant's affidavit states that Scarlett told him "she placed the gun in my briefcase when she packed up my belongings and sent them to me with Tia Carlson." Def. Aff. at ¶ 5.

Defendant's affidavit states that Scarlett visited him in jail during the evening of the day she was to testify and told him Storkel had sent her away from the courthouse. Def. Aff. at ¶ 11. However, Scarlett testified she did not visit defendant at any time prior to or during the trial. Jail visitor records confirm Scarlett's testimony.

Laurie Thrasher, defendant's sister, also testified at the evidentiary hearing. She said she ran into Scarlett as Scarlett was leaving the courthouse, and Scarlett seemed surprised that Storkel had excused her. Laurie Thrasher admitted she was not present during Storkel's conversation with Scarlett and had no idea what was actually said.

Storkel and Yarbrough both testified at the evidentiary hearing. Yarbrough spoke with Scarlett prior to trial, both by telephone and in person. He testified Scarlett told him she had placed the firearm in defendant's briefcase without his knowledge.

Storkel testified he was concerned about calling Scarlett as a witness because he knew she was a methamphetamine user and was worried about her reliability. He was also aware she had a conviction for hindering prosecution after lying to the police to protect defendant on a prior occasion. Storkel discussed his concerns with defendant, as noted by the Ninth Circuit (Mem. Disp. at 4), but defendant insisted that Scarlett be called as a witness.

Storkel and Yarbrough both described conversations they had with Scarlett during a break in the trial. Both testified Scarlett told them she was not going to lie for defendant. Storkel testified he tried to convince her to testify in a manner that would be helpful to defendant, but became convinced she would not do so. Both Storkel and Yarbrough were

8 -   OPINION AND ORDER

surprised and dismayed by Scarlett's change in heart.

Storkel testified he told defendant what Scarlet had said. Defendant was disappointed, but told Storkel that he would leave it to Storkel's judgment whether to call her as a witness. Storkel testified that, believing Scarlett's testimony would be devastating to the defense, he made the tactical decision not to call her as a witness.

During his arguments at the close of the evidentiary hearing, defendant's counsel claimed that a report summarizing a Bureau of Alcohol, Tobacco, and Firearms interview with Scarlett should be held to mean that Storkel should have known that Scarlett might change her testimony, and that Storkel should have verified Scarlett's testimony before mentioning her during his opening statement. The Ninth Circuit rejected such an argument, finding that "Thrasher's claim [in his § 2255 motion] that Storkel provided ineffective assistance by not investigating Scarlett more carefully before mentioning her as a witness in his opening statement was properly rejected" by this court. Mem. Disp. at 4. The Ninth Circuit said defendant "convinced Storkel and Yarbrough not to worry about Scarlett changing her story, insisting that she be called as a witness, because [he] was confident that, under oath, Ms. Scarlett would testify honestly. Id. The Ninth Circuit found Storkel properly relied upon "Yarbrough's thorough investigation and [defendant's] own admonitions" in mentioning Scarlett's anticipated testimony during his opening statement. Id. Therefore, I reject defendant's argument about the ATF report.

In response to the Ninth Circuit's narrow question on remand, I conclude Scarlett did tell Storkel that she was going to testify unfavorably to Thrasher. Storkel and Yarbrough gave credible, unequivocal, and consistent testimony about their interactions with both Scarlett and defendant. On the other hand, Scarlett acknowledged she had been a heavy methamphetamine user whose memory had been affected by her drug abuse and the passage of time. Her testimony and defendant's affidavit are in substantial conflict in several respects noted above.

## Conclusion

9 -    OPINION AND ORDER

For the reasons discussed above, defendant's motion (doc. 115) to amend his § 2255 motion is DENIED. Based on testimony during the evidentiary hearing, I reaffirm my denial of defendant's original § 2255 motion (doc. 87).

IT IS SO ORDERED.

Dated this   6th    day of July, 2005.

                                      /S/ James A. Redden
                                            James A. Redden
                                       United States District Judge